FILED (SG)
US DISTRICT COURT CLERK
WESTERN DISTRICT OF KY

07 JUN 15 AM 11: 11

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

Karen Black, on behalf of herself and other similarly situated persons, and William Connelly, Reginald Freeney, Christopher Groves, Erick Hasselbrinck, Deanna Lang, Kristin Lang, Brandy Lee, Radell Lewis II, Judy McCarthy, Joshua Parris, Teresa Robinson, William Rondo Sr., and Michele Stumph, collectively,

        Plaintiffs,

    vs.

KFC Corporation,
Serve: Agent for Service of Process:
      CT Corporation System
      Kentucky Home Life Bldg.
      239 S. 5th St.
      Louisville, KY 40202

        Defendant.

Case No.: 3:07-CV- 312- H

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs Karen Black, William Connelly, Reginald Freeney, Christopher Groves, Erick Hasselbrinck, Deanna Lang, Kristin Lang, Brandy Lee, Radell Lewis II, Judy McCarthy, Joshua Parris, Teresa Robinson, William Rondo Sr., and Michele Stumph ("Plaintiffs"), by and through their attorneys, for their Complaint against Defendant KFC Corporation ("Defendant"), state as follows:

## JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 to hear this Complaint and to adjudicate the claims stated herein. This action is being brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2.    Venue is proper in the Western District of Kentucky under 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

3.      Plaintiffs Karen Black, William Connelly, Reginald Freeney, Christopher Groves, Erick Hasselbrinck, Deanna Lang, Kristin Lang, Brandy Lee, Radell Lewis II, Judy McCarthy, Joshua Parris, Teresa Robinson, William Rondo Sr., and Michele Stumph are or were residents of Kentucky during the applicable statute of limitations and worked as assistant unit managers for Defendant's KFC base and KFC multi-brand restaurants in Kentucky during the applicable statute of limitations.  Plaintiffs were "employees" of Defendant as defined by the FLSA, 29 U.S.C. § 203(e)(1).  Plaintiffs bring their individual claims collectively through this action.  (See Consent Forms at Ex. A.)

4.      Defendant is a foreign corporation with its principle place of business in Louisville, Kentucky.  Defendant operates numerous KFC base and KFC multi-brand restaurants across the country, including restaurants in Kentucky.  Defendant is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203 (d).

## FACTUAL ALLEGATIONS

5.      During the statutory period, Plaintiffs worked as assistant unit managers in several of Defendant's KFC base and KFC multi-brand restaurants.  As assistant unit managers, the primary duties of Plaintiffs were cleaning, taking orders, servicing customers, and preparing, cooking, and packaging food.  Plaintiffs spent a vast majority of their work-time performing such duties.

6.      During the statutory period, Defendant directed Plaintiffs to work in excess of forty (40) hours per week, and Plaintiffs customarily worked in excess of forty (40) hours per week.  Defendant typically scheduled Plaintiffs to work a minimum of fifty (50) hours per week.

7.      Defendant failed to compensate Plaintiffs at a rate of one and one-half times their

regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

8.    By reference hereto, Plaintiffs hereby incorporate the foregoing paragraphs.

9.    Defendant is required under the FLSA, 29 U.S.C. § 207, to pay Plaintiffs wages at a rate of no less than one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

10.    During the course of Plaintiffs' employment, Defendant directed them to work in excess of forty (40) hours per week and Plaintiffs customarily worked in excess of forty (40) hours per week.

11.    Defendant improperly classified Plaintiffs as exempt under the overtime wage provisions of the FLSA, 29 U.S.C. § 207.

12.    Defendant willfully failed and refused to compensate Plaintiffs for their time worked in excess of forty (40) hours in individual work weeks.

13.    Furthermore, Defendant failed to record, report, and/or preserve records of hours worked by Plaintiffs.

14.    Defendant's willful failure and refusal to pay Plaintiffs' overtime wages and its refusal to properly record their hours worked, violates the FLSA, 29 U.S.C. §§ 207, and 255.

15.    As a result of these unlawful practices, Plaintiffs suffered a loss of wages and are therefore entitled to recover unpaid wages for up to three years prior to the initial filing of their claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand:

1.    Judgment against Defendant for an amount equal to Plaintiffs' unpaid back wages at the applicable overtime rates;

2.    Judgment against Defendant that its violations of the FLSA were willful;

3.    An equal amount to the overtime damages as liquidated damages;

4.    To the extent liquidated damages are not awarded, an award of prejudgment interest;

5.    All costs and attorneys' fees incurred prosecuting these claims;

6.    For trial by jury; and

7.    For such further relief as the Court deems just and equitable.

Theresa M. Mohan, KY Bar No. 88734
Barbara D. Bonar, KY Bar No. 42213
B. DAHLENBURG BONAR, P.S.C.
3611 Decoursey Avenue
Covington, KY 41015-1437
Telephone (859) 431-3333
Fax (859) 392-3900

Donald H. Nichols, MN Bar No. 78918
Paul J. Lukas, MN Bar No. 22084X
Michele R. Fisher, MN Bar No. 303069
NICHOLS KASTER & ANDERSON, PLLP
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone (612) 256-3200
Fax (612) 218-4870

ATTORNEYS FOR PLAINTIFFS